DECISION
This matter is before the Court for continuing hearings on the City's efforts to purge itself of the contempt in which it was found to be on April 8, 1996. This matter was remanded by the Supreme Court on June 26, 1996, to continue these hearings. While the case was here on that remand, this Court has also heard, considered and denied a motion to vacate the consent decree, which is the basis for these contempt proceedings.
The Court has permitted the plaintiff by various orders to purge itself from contempt by making prompt payment of accrued arrearages and by establishing pension payments at the levels ordered by the consent decree for all retirees who retired before January 10, 1994, and for all surviving beneficiaries of such retirees. The question of the application of the consent decree to members of the retirement system who retired and will retire after January 10, 1994, remains open for further consideration in other proceedings.
At the hearing on November 15, 1996, the beneficiary defendants argued that certain surviving beneficiaries of Class B retirees were entitled to the minimum benefits provided in the consent decree, as set out in Section 9 (15)(b). That would mean that the benefits payable to such survivors would be raised first to $500 and then to $600 per month, plus COLAs, depending on the date of the member's retirement. Neither the consent decree nor the amended 1994 ordinance refers to surviving beneficiaries of members of the system, who have retired, or will retire after January 1, 1993, so they are not involved.
The City argues that survivors' benefits for Class B retirees were controlled by former Section 9 (12)(f) of the 1923 Public Laws, presently codified as Section 17-189 (12)(f) of the City's Code of Ordinances. It is the City's further position that Chapter 1994-2 of its ordinances, which amended Section 17-189 (15) of its Code of Ordinances to codify the minimum base allowances, did not apply to survivors' pension benefits based on Code Section 17-189 (12)(f).
Under Code Section 17-189 (12)(f) survivors of Class B retirees are entitled to 67 1/2 percent of the retirees' benefits without any reduction in the retirees' lifetime pension benefits. The City argues that, even if the retirees' lifetime benefits were raised to the consent decree subsection (15)(b) minimums plus COLAs, the surviving beneficiary is entitled to only 67 1/2 percent of that amount. The beneficiaries contend that the survivors' minimums, like the retirees' minimums, were also raised to the consent decree subsection (15)(b) minimums on December 18, 1991, and those survivors' minimums were preserved by the 1994 ordinance, which repealed inconsistent ordinances.
This Court finds that on January 1, 1992, and January 1, 1993, all Class B retirees, and survivors then receiving benefits, were entitled to the minimums in the consent decree, irrespective of the percentage in Section 9 (12)(f). The 1994 ordinance amendments simply preserved that increase. Otherwise, no purpose was served by referring to "beneficiaries" in amended Ordinance § 17-189 (15). The minimums in Section 9 (15)(b) of the consent decree apply toboth eligible retirees and/or their beneficiaries, whether the beneficiaries receive their benefits pursuant to § 17-189 (12)(f) or not. If 67 1/2 percent of a retiree's benefit is or was less than $500 or $600, plus COLAs, then it must be raised to the appropriate minimum, less reductions, of course, for years of service less than twenty-five.
The City may have until January 31, 1997, to comply with this decision.
The defendant Retirement Board will enter an appropriate Order.